1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EZEKIEL D. LEE,

                    Plaintiff,

        v.

DOUG WADDINGTON, *et al*,

                    Defendants.

Case No.  C07-5714BHS-KLS

ORDER TO SHOW CAUSE

        This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. §
636(b)(1),  Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure.
The case is before the Court upon the Court's review of the complaint.  After reviewing the complaint and
the balance of the record, the Court finds and orders as follows:

        A complaint is frivolous when it has no arguable basis in law or fact. Franklin v. Murphy, 745
F.2d 1221, 1228 (9th Cir. 1984).  When a complaint is frivolous, fails to state a claim, or contains a
complete defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before
service of process under 28 U.S.C. § 1915(d). Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987)
(*citing* Franklin v. Murphy, 745 F.2d 1221, 1227 (9th Cir. 1984)).

        To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of
was committed by a person acting under color of state law and (ii) the conduct deprived a person of a

ORDER
Page - 1

right, privilege, or immunity secured by the Constitution or laws of the United States.  Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986).  Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. Haygood v. Younger, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint.  Arnold v. IBM, 637 F.2d 1350, 1355 (9th Cir. 1981).  A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position.  Monell v. New York City Dept. of Social Services, 436 U.S. 658, 694 n.58 (1978).  A theory of *respondeat superior* is not sufficient to state a section 1983 claim.  Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff alleges in his complaint that his Fourteenth Amendment due process rights were violated when he was wrongfully infracted for allegedly assaulting a correctional officer.  Plaintiff seeks both compensatory and punitive damages, as well as "every single day back that was taken" from him. (Dkt. # 1-2, pp. 4, 17).  With respect to this last form of requested relief, plaintiff appears to be referring to a loss of good time credits which resulted from the infraction he received.

A writ for *habeus corpus*, however, "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release."  Heck v. Humphrey, 512 U.S. 477, 481 (1994); Neal v. Shimoda, 131 F.3d 818, 824 (9th Cir. 1997).  This is true even though a section 1983 claim is based on "the alleged unconstitutionality of state administrative action."  Preiser v. Rodriguez, 411 U.S. 475, 489 (1973).

The United States Supreme Court, furthermore, has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 486-87.  In other words, a claim for damages that relates to a conviction or sentence which "has *not* been so invalidated is not cognizable under § 1983." Heck, 512 U.S. at 487 (emphasis in the original).  In addition:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id.

The Supreme Court has made applicable its holding in Heck – that a state prisoner's claim for damages is not cognizable under section 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless that conviction or sentence previously has been invalidated – to the loss of good time credits. Edwarads v. Balistok, 520 U.S. 641, 643, 646 (1997) (quoting Heck, 512 U.S. at 487) (finding challenge to validity of procedures used to deprive prisoner of his good-time credits not cognizable under § 1983, because it necessarily implied invalidity of deprivation of his good-time credits); see also Muhammad v. Close, 540 U.S. 749, 751 (2004) (noting Heck applies in circumstances where administrative action taken against prisoner could affect credits toward release based on good time served).  Thus, it is only in those cases where a prisoner's challenge to the loss of good time credits "threatens no consequence for his conviction or the duration of his sentence," that the requirements of Heck do not apply. Muhammad, 540 U.S. at 751.

As noted above, plaintiff here appears to be challenging the validity of the loss of his good time credits.  He has not shown, however, let alone claimed, that his conviction or sentence already has been invalidated by either court or executive order.[1]  In addition, any judgment in favor of plaintiff necessarily would imply the invalidity of his sentence, as plaintiff expressly has stated that he is seeking restoration of the days he claims wrongfully were taken from him as a result of the administrative action that lead to his infraction.  Accordingly, plaintiff's claim may be considered only in a petition for writ of *habeas corpus* and should be dismissed with prejudice as frivolous.

Due to the deficiencies described above, the Court will not serve the complaint.  Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than March 22, 2008**.  The amended complaint must carry the same case number as this one.  If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

---

[1]The fact that plaintiff may have been found not guilty in a separate state court criminal trial involving the same incident that led to his loss of good time credits is not relevant here, as it is his underlying conviction and sentence – i.e., the conviction and sentence that resulted in his imprisonment in the first place – that matters. (See Dkt. #1-2, p. 15).

ORDER
Page - 3

1    Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original

2    pleading.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v.

3    Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915

4    (1992).  Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original

5    complaint.

6    The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended

7    complaint.  The Clerk is further directed to send a copy of this Order and a copy of the General Order to

8    plaintiff.

9    DATED this 21st day of February, 2008.

10

11

12                                                     Karen L. Strombom
                                                       United States Magistrate Judge
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28