UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EZEKIEL D. LEE,

           Plaintiff,

    v.

DOUG WADDINGTON, *et al*,

           Defendants.

Case No. C07-5714BHS-KLS

REPORT AND RECOMMENDATION

Noted for May 2, 2008

      This case has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff has filed a civil rights complaint under 42 U.S.C. § 1983. He is proceeding *in forma pauperis* in this matter. This matter is before the court due to plaintiff's failure to respond to the court's previous order to file an amended complaint. For the reasons set forth below, the undersigned recommends plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e).

<u>DISCUSSION</u>

      On February 21, 2008, the undersigned ordered plaintiff to file an amended complaint or show cause why this matter should not be dismissed. (Dkt. #6). Specifically, the undersigned found plaintiff's complaint deficient because a writ for *habeas corpus* relief is the exclusive remedy for his claim regarding the loss of his good time credits. He was directed to file an amended complaint curing, if possible, this deficiency or show cause why this matter should not be dismissed with prejudice as

REPORT AND RECOMMENDATION
Page - 1

frivolous. Plaintiff was warned that should he fail to so respond by March 22, 2008, the undersigned would recommend dismissal of this matter. To date, however, plaintiff still has not responded to the undersigned's order to show cause.

## CONCLUSION

Because plaintiff has failed to respond to the undersigned's order to show cause directing him to file an amended complaint to cure the deficiencies in his original complaint, the undersigned recommends the Court dismiss that complaint prior to service as frivolous pursuant to 28 U.S.C. §1915(e).

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72(b), the parties shall have ten (10) days from service of this Report and Recommendation to file written objections thereto. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set this matter for consideration on **May 2, 2008**, as noted in the caption.

DATED this 8th day of April, 2008.

Karen L. Strombom
United States Magistrate Judge